UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICKY KAMDEN-OUAFFO,

        Plaintiff,

        v.

PLAZA SQUARE APARTMENTS, et al.,

        Defendants.

Civil Action No. 17-1068 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court on the application of Ricky Kamden-Ouaffo ("Plaintiff") for an order to show cause and a temporary restraining order ("TRO"). (TRO Appl., ECF No. 4.) Plaintiff seeks an Order from the Court that: (1) renders a state court judgment in the underlying eviction proceeding invalid as long as Plaintiff pays his share of rent; (2) prohibits the Plaza Square Apartments from filing an action against Plaintiff to repossess the premises; (3) prohibits any person from "locking down" Plaintiff's apartment; (4) prohibits Plaza Square Apartments from evicting Plaintiff; (5) declares that Plaintiff need only pay his share of rent for the apartment at issue; (6) prohibits any changes from being made to Plaintiff's rent payment obligations absent written agreement between Plaintiff and his roommates; and (7) prohibits Plaza Square Apartments from otherwise altering Plaintiff's rights or further burdening Plaintiff. (Pl.'s Moving Br. 39-41, ECF No. 4-1; TRO Appl. 2.)

The Court has carefully considered Plaintiff's submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

## I. Standard of Review

"The Supreme Court [has] held that [a] [TRO] should be treated as a preliminary injunction." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997). Because the grant of injunctive relief is "an extraordinary remedy[,]" a temporary restraining order "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). This remedy "should be granted only if '(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest.'" *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (quoting *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998)). The Third Circuit has further instructed that a party seeking a TRO must meet all four factors, because "[a] [movant's] failure to establish any element in its favor renders [this remedy] inappropriate." *Id.* A movant has the burden of establishing a "clear showing of immediate irreparable injury," *Louis v. Bledsoe*, 438 F. App'x 129, 131 (3d Cir. 2011) (citation omitted), and "[e]stablishing a risk of irreparable harm is not enough," *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987).

## II. Discussion

Here, Plaintiff has failed to demonstrate that he will be subject to irreparable harm upon denial of the instant TRO Application. Plaintiff never directly addresses the irreparable harm requirement in his submission and fails to allege facts that constitute irreparable harm. Plaintiff's reason for pursuing temporary restraints is "to mitigate damages" that arise from an improper eviction or Plaintiff's inability to sublet the remaining rooms in his unit during the pendency of the related federal and state actions. (*See* Pl.'s Moving Br. 19, 26.)

In a recent and similar case, the Honorable Jerome B. Simandle, Chief Judge U.S.D.J., denied a TRO application where the plaintiffs made "no showing that they will suffer irreparable harm if an injunction does not issue, except insofar as contend[ing] that eviction from one's home necessarily constitutes irreparable harm." *Bounasissi v. N.Y. Life Ins. & Annuity Corp.*, No. 15-7585, 2016 WL 852483, at *3 (D.N.J. Mar. 4, 2016). Chief Judge Simandle reasoned that "in the unlikely[1] event that such eviction is overturned in a court of competent jurisdiction, [the p]laintiffs may be entitled to seek compensation in money damages for this forced relocation." *Id.* Here, Plaintiff fails to even argue, let alone demonstrate, that compensation in money damages would be insufficient to remedy any harm that would arise due to the Court's denial of the instant TRO Application.

In reading Plaintiff's TRO Application liberally in light of Plaintiff's pro se status, the Court further examined Plaintiff's entire submission to determine whether Plaintiff sufficiently alleges irreparable harm in unrelated sections of his brief. Notably, Plaintiff indicates that he "has already been seriously sick for the last couple of weeks as a result of Plaza Square Apartments and Plaintiff's roommates['] actions" and that he "is currently under treatment by physicians and experts for damages done to his health as [a] result[] of [Plaza Square Apartments] and [Plaintiff's] roommates['] actions." (Pl.'s Moving Br. 22, 36.) Plaintiff's allegations, however, are that "Plaintiff has *already* been severely damaged" due to Defendants' purported conduct, as opposed to being in danger of any additional imminent harm that would arise if the Court were to deny Plaintiff's TRO Application. (*Id.* at 36 (emphasis added).) Accordingly, the Court finds that Plaintiff fails to demonstrate irreparable harm and DENIES Plaintiff's TRO Application.

---

[1] Chief Judge Simandle had already found that the plaintiffs in *Bounasissi* had failed to demonstrate the likelihood of success on the merits. *Bounasissi*, 2016 WL 852483, at *2.

## III. Conclusion

The Court finds that Plaintiff fails to establish the irreparable harm requirement for obtaining a TRO. For the reasons set forth above, and other good cause shown, **IT IS** on this 7th day of March 2017, **ORDERED** that Plaintiff's TRO Application is **DENIED**.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**