CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

September 5, 2017

**LETTER OPINION**

**VIA CM/ECF**
Ricky Kamden-Ouaffo & all counsel of record

Re: *Ricky Kamden-Ouaffo v. Plaza Square Apartments, et al.*
Civil Action No. 17-1068 (MAS) (LHG)

Dear Mr. Kamden-Ouaffo and Counsel:

  This matter comes before the Court on multiple motions. First, Defendant Plaza Square Apartments ("Defendant") filed a Motion to Dismiss Plaintiff Ricky Kamden-Ouaffo's ("Plaintiff") Complaint. (ECF No. 29.) Plaintiff failed to file opposition. Additionally, Plaintiff filed an Appeal of a Letter Order issued by the Honorable Lois H. Goodman, U.S.M.J. (ECF No. 23.) Opposition was filed by defendants who have since been terminated from this case (ECF Nos. 24, 25), and Plaintiff replied (ECF No. 26). Finally, Plaintiff filed a motion requesting miscellaneous forms of relief. (ECF No. 27.) Defendant filed opposition. (ECF No. 31.) The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Defendant's Motion to Dismiss is GRANTED, Plaintiff's Appeal of a Letter Order issued by Judge Goodman is DENIED, and Plaintiff's motion requesting miscellaneous forms of relief is DENIED.

  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addressing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation omitted). While a complaint does not need to contain detailed factual allegations to withstand a Rule 12(b)(6) motion to dismiss, a pleader must "provide the 'grounds' of his 'entitle[ment] to relief[,]' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a)(2).

  "Where, as here, a plaintiff is proceeding pro se, the complaint is 'to be liberally construed,' and, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Walsh v. Household Fin. Corp. III*, No. 15-4112, 2016 WL 6826161, at *2 (Nov. 17, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)). "While a litigant's pro

se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Id.* (quoting *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010)).

This matter arises out of a dispute between a tenant and his landlord. Plaintiff's asserted basis for the Court's subject-matter jurisdiction is that Count One is brought under the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* (*See* Compl. ¶ 84, ECF No. 1.) Under Count One, Plaintiff alleges in conclusory fashion that he was discriminated against on the basis of marital status, sex, race, and gender. (*See, e.g., id.* ¶¶ 88-90.) It appears that Count One is brought specifically under 42 U.S.C. § 3604(b), which makes it illegal to "discriminate against any person in the terms conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." (*See id.* ¶¶ 161-70.) "Fair Housing Act claims are not viable [if they] lack . . . factual allegations indicating any discriminatory intent." *Mitchell v. Walters*, No. 10-1061, 2010 WL 3614210, at *6 (D.N.J. Sept. 8, 2010). Here, the Complaint is completely devoid of any factual allegations supporting a claim for discrimination. Plaintiff merely alleges that he was subject to discrimination but fails to include any factual allegations that satisfy Rule 8(a) of the Federal Rules of Civil Procedure even when liberally construed. Additionally, Count Two merely requests injunctive relief based on the discriminatory conduct alleged in Count One. (*See* Compl. ¶¶ 171-80.) Accordingly, Counts One and Two are dismissed.

Plaintiff's remaining claims all appear to arise under state law. (*See id.* ¶¶ 181-329.) As the Court has granted Defendant's Motion to Dismiss with regard to Plaintiff's only federal claims (Counts One and Two), the Court dismisses Plaintiff's remaining pendent state tort claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Accordingly, Plaintiff's Complaint is dismissed on all counts without prejudice and the Court will permit Plaintiff to file an amended complaint in accordance with the schedule set forth in the accompanying order.

Additionally, the Court considers Plaintiff's Appeal from a Letter Order issued by Judge Goodman. (ECF No. 23.) Judge Goodman's Letter Order declined to issue an order sought by Plaintiff that would "toll the 21-day window" for amending a complaint under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. (ECF No. 22.) In light of the Court's decision above dismissing Plaintiff's claims without prejudice and permitting Plaintiff to file an amended complaint, the Court denies Plaintiff's appeal as moot.

Finally, with respect to Plaintiff's motion for miscellaneous forms of relief (ECF No. 27), the Court finds that the various court orders sought by Plaintiff are moot in light of the dismissal of Plaintiff's Complaint. Accordingly, the motion is denied as moot.

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss (ECF No. 29) without prejudice, DENIES Plaintiff's Appeal from Judge Goodman's Letter Order (ECF No. 23) as moot, and DENIES Plaintiff's motion for miscellaneous forms of relief (ECF No. 27) as moot. An order consistent with this decision will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE