UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICKY KAMDEN-OUAFFO,

Plaintiff,

v.

PLAZA SQUARE APARTMENTS, et al.,

Defendants.

Civil Action No. 17-1068 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court upon *pro se* Plaintiff Ricky Kamden-Ouaffo's ("Plaintiff") Motion for a Thirty-Day Extension of time to File an Amended Complaint and Order for other relief.[1] (ECF No. 60.) Defendant Plaza Square Apartments ("Defendant") opposed (ECF No. 61), and Plaintiff did not reply. The Court has carefully considered the arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the Court denies Plaintiff's Motion, and dismisses with prejudice Plaintiff's Complaint.

Plaintiff initially filed a complaint alleging federal housing discrimination under the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* ("FHA"), and pendent state law claims. (Compl. ¶¶ 161-329, ECF No. 1.) Defendant moved to dismiss the Complaint, (*see generally* First Motion to Dismiss, ECF No. 29), which this Court granted in a Letter Opinion and Order dated September 5, 2017. (*See generally* Letter Op., ECF No. 52; Order, ECF No. 53.) Namely, this Court found Plaintiff failed to sufficiently allege a claim under the FHA, and therefore dismissed Plaintiff's pendant state law claims. (*See generally* Letter Op. 2.) Moreover, this Court explicitly stated that

---

[1] The other relief Plaintiff seeks is an "Order that any Person who Desires to Self-Invite into this Action or to Appear and to Self-identify with or as being the Fictitious Defendant Named 'Plaza Square Apartments' must Comply with Fed. Rule Civ. Proc. Rule 7.1 and Must File the Required Statutory Disclosure(s) or Motions for Intervention." (*See* ECF No. 60.)

it dismissed the Complaint without prejudice and granted Plaintiff leave to file an amended complaint. (Order 1-2 ("If Plaintiff does not file an amended complaint by th[e] deadline, th[is] Court will dismiss Plaintiff's federal claims with prejudice.").)

Subsequently, Plaintiff appealed the Court's Letter Opinion and Order to the Third Circuit Court of Appeals. (Notice of Appeal, ECF No. 56.) In its per curiam opinion, the Third Circuit affirmed this Court's order dismissing Plaintiff's Complaint. (*See generally* Third Circuit Op., ECF No. 59-2.) Specifically, the Third Circuit determined that Plaintiff waived his FHA claim and therefore, "it was appropriate to dismiss the state-law claims, too."[2] (*Id.* at 4.) Further, in addressing its jurisdiction to review the matter, the Third Circuit provided, "Although the District Court's . . . [O]rder dismissed [Plaintiff's] complaint *without* prejudice, we nevertheless have jurisdiction over this order pursuant to 28 U.S.C. § 1291 because [Plaintiff] did not subsequently file an amended complaint. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 n.5 (3d Cir. 1992)." (*Id.* at 3 n.2 (emphasis in original).)

In the instant motion, Plaintiff seeks an extension of time to file an amended complaint and other relief. (*See generally* Pl.'s Moving Br., ECF No. 60.) Defendant, however, opposes, arguing Plaintiff waived his right to amend the Complaint, and therefore Plaintiff's Complaint should be

---

[2] The Third Circuit noted,
> In advance of briefing, the Clerk of this Court highlighted one of the allegations in [Plaintiff's] complaint and directed the parties to brief whether the complaint could survive dismissal based on that allegation. . . . [N]owhere in [Plaintiff's eighty-four] pages of appellate briefing does [Plaintiff] attempt to explain how that allegation or any other allegations in his complaint are sufficient to state a claim for discrimination . . . . Under these circumstances, we conclude that [Plaintiff] has waived his FHA claim.

(*Id.* at 3 (citation omitted).)

2

deemed dismissed with prejudice. (Def.'s Opp'n Br. 7,[3] ECF No. 61; *see also id.* ("Since this [P]laintiff has failed to timely amend the [C]omplaint as allowed by the [D]istrict [C]ourt . . . [P]laintiff should not now be permitted to amend the complaint more than a year after the deadline to amend the complaint expired. Plaintiff chose to stand upon the original complaint and filed a notice of appeal in lieu of amending same.").) The Court agrees with Defendant.

The Court explicitly noted in its September 5, 2017 Order that if Plaintiff failed to submit an amended complaint by the imposed deadline, the Court would dismiss with prejudice Plaintiff's federal claims. (Order 2.) Plaintiff did not submit an amended complaint, but rather filed a notice of appeal with the Third Circuit. (Notice of Appeal.) The Third Circuit then held that Plaintiff waived his federal claim, and further provided that it had jurisdiction to review the matter "because [Plaintiff] did not subsequently file an amended complaint." (Third Circuit Op. 3 n.2.) In so holding, the Third Circuit cited to a footnote in *Batoff*, which provides,

> The order raises an issue of appellate jurisdiction which we must address, as it disposed of the case on the merits but provided that [the plaintiff] "shall have thirty days to amend" certain of his allegations. [The plaintiff] did not amend his complaint but instead filed a notice of appeal within [thirty] days of the order. While we have held that an order dismissing a complaint without prejudice is not a final, appealable order unless the plaintiff cannot amend or declares his intention to stand on his complaint, . . . we find that, by failing to move to amend within the [thirty] days granted by the court, [the plaintiff] elected to stand on his complaint. Thus, even if the order of dismissal was not final when entered, it became final after [thirty] days. We therefore may exercise jurisdiction pursuant to 28 U.S.C. § 1291 . . . .

977 F.2d at 854 n.5 (internal citations omitted).

Here, the Third Circuit recognized the similarities between the instant action and *Batoff*, and determined it had jurisdiction to review Plaintiff's appeal because Plaintiff failed to file an

---

[3] Because Defendant's brief does not include page numbers, the Court refers to the pagination as represented on ECF.

amended complaint within the Court's provided time-frame. The Third Circuit further held Plaintiff waived his federal claims, and affirmed this Court's dismissal of Plaintiff's pendant state law claims. As a result, Plaintiff's Complaint is dismissed with prejudice pursuant to the Court's September 5, 2017 Letter Opinion and Order, and Plaintiff's Motion for a Thirty-Day Extension of Time to File an amended Complaint and Order for other relief is denied as moot.

The Court, consequently, deems Plaintiff's Complaint dismissed with prejudice, and denies Plaintiff's Motion for a Thirty-Day Extension of time to File an Amended Complaint and Order for Other Relief. Accordingly,

IT IS on this 19th day of June 2019, **ORDERED** that:

1. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

2. Plaintiff's Motion for a Thirty-Day Extension of Time to File an Amended Complaint and Order for Other Relief (ECF No. 60) is **DENIED AS MOOT**.

3. The Clerk shall **CLOSE** this matter.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**