**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

RICKY KAMDEN-OUAFFO,

    Plaintiff,

v.

PLAZA SQUARE APARTMENTS, *et al.*,

    Defendants.

Civil Action No. 17-1068 (MAS) (LHG)

**MEMORANDUM OPINION**

This matter comes before the Court upon *pro se* Plaintiff Ricky Kamden-Ouaffo's ("Plaintiff") Letter Motion. (ECF No. 66.)[1] The Court has carefully considered the arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Plaintiff's Letter Motion is denied.

## I. BACKGROUND

Plaintiff initially filed a complaint alleging federal housing discrimination under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, *et seq.*, and pendent state law claims. (Compl. ¶¶ 161–329, ECF No. 1.) On September 5, 2017, the Court dismissed Plaintiff's complaint, administratively terminated the matter, and granted Plaintiff leave to file an amended complaint. (Sept. 5, 2017 Order, ECF No. 53.) The Court specified that "[i]f Plaintiff does not file an amended

---

[1] The full caption of the Letter Motion reads, "Letter Motion for a Formally Dated Order of the District Court Stating the District Court's Disposition and/or Opinion as to the Plaintiff's [] Objections Motion and Related Submission/Request in Support of a *sua [s]ponte* Order to Amending and/or to alter the District Court [] Order under the Fed. R. Civ. P. Rule 59(d). In the alternative, an Order for a Brief Extension of the Time to file [a] Notice of Appeal as to [] Order to July 24[], 2019 on Grounds of Excusable Neglect." (Pl.'s Letter Mot. 1, ECF No. 66) (capitalization corrected).

complaint by th[e] deadline, the Court will dismiss Plaintiff's federal claims with prejudice." (*Id.* at 1–2.)

Plaintiff did not file an amended complaint by the Court's deadline and instead appealed the Court's Letter Opinion and Order (ECF Nos. 52, 53) to the U.S. Court of Appeals for the Third Circuit (ECF No. 56). The Third Circuit affirmed the dismissal of Plaintiff's Complaint on November 1, 2018. *Kamden-Ouaffo v. Plaza Square Apartments*, 740 F. App'x 766 (3d Cir. 2018). Specifically, the Third Circuit determined that Plaintiff waived his FHA claim and, therefore, "it was appropriate to dismiss the state-law claims, too." *Id.* at 768. In addressing its jurisdiction to review the matter, the Third Circuit provided, "[a]lthough the District Court's . . . [O]rder dismissed [Plaintiff's] complaint *without* prejudice, we nevertheless have jurisdiction over this [O]rder pursuant to 28 U.S.C. § 1291 because [Plaintiff] did not subsequently file an amended complaint." *Id.* at 767 n.2 (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 n.5 (3d Cir. 1992)) (emphasis in original). In so holding, the Third Circuit cited to a footnote in *Batoff*, which provides:

> The order raises an issue of appellate jurisdiction which we must address, as it disposed of the case on the merits but provided that [the plaintiff] "shall have thirty days to amend" certain of his allegations. [The plaintiff] did not amend his complaint but instead filed a notice of appeal within [thirty] days of the order. While we have held that an order dismissing a complaint without prejudice is not a final, appealable order unless the plaintiff cannot amend or declares his intention to stand on his complaint, . . . we find that, by failing to move to amend within the [thirty] days granted by the court, [the plaintiff] elected to stand on his complaint. Thus, even if the order of dismissal was not final when entered, it became final after [thirty] days. We therefore may exercise jurisdiction pursuant to 28 U.S.C. § 1291 . . . .

977 F.2d at 851 n.5 (internal citations omitted).

On December 10, 2018, Plaintiff filed a motion seeking an extension of time to file an amended complaint as well as other relief.[2] (ECF No. 60.) Noting the basis of the Third Circuit's jurisdictional determination, this Court dismissed Plaintiff's complaint with prejudice and denied the motion for an extension of time as moot. (June 19, 2019 Order, ECF No. 62.) On June 26, 2019, Plaintiff filed "Plaintiff's [O]bjections to the Court's []Memorandum Order" ("Plaintiff's Objections"), purportedly pursuant to Rule 46 of the Federal Rules of Civil Procedure. (Pl.'s Objections, ECF No. 63.) On July 24, 2019, Plaintiff appealed the Court's June 19, 2019 Order dismissing his complaint with prejudice. (Notice of Appeal, ECF No. 64.) On July 30, 2019, the Clerk of the Court for the Third Circuit sent correspondence to Plaintiff informing him that the Third Circuit might lack appellate jurisdiction because Plaintiff's notice of appeal was filed after the expiration of the thirty-day window provided by Rule 4 of the Federal Rules of Appellate Procedure. (Third Circuit's July 30, 2019 Correspondence 1, Ex. 1 to Pl.'s Letter Mot., ECF No. 66-1); *see* Fed. R. App. P. 4(a)(1)(A).

On August 16, 2019, Plaintiff filed the instant Letter Motion requesting that the Court render a decision as to Plaintiff's Objections or, in the alternative, grant Plaintiff an extension of time to file a notice of appeal on grounds of excusable neglect. (Pl.'s Letter Mot. 1, ECF No. 66.)

## II. **DISCUSSION**

As to Plaintiff's Objections, it is well-settled that "[a] document filed *pro se* is to be liberally construed." *Shah v. Caesars Entm't Corp.*, No. 18-14108, 2019 WL 5558356, at *2 (D.N.J. Oct. 28, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and

---

[2] The other relief Plaintiff sought was an "Order that any Person who Desires to Self-Invite into this Action or to Appear [and to] Self-identify with or as being the Fictitious Defendant Named 'Plaza Square Apartments' must Comply with Fed. Rule Civ. Proc. Rule 7.1 and Must File the Required Statutory Disclosure(s) or Motions for Intervention." (*See* ECF No. 60.)

quotations omitted)). However, "[a]t the end of the day, [pro se litigants] cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Here, Plaintiff's Objections were erroneously filed pursuant to Rule 46 of the Federal Rules of Civil Procedure.[3] (Pl.'s Objections 1.) Moreover, Plaintiff specifically avers that "this is not a motion for reconsideration under Rule 59[(d) or (e)][4] and Plaintiff will not be filing a motion for [r]econsideration." (*Id.* at 21.) Plaintiff's reliance on the aforementioned Federal Rules of Civil Procedure is misplaced. Due to Plaintiff's *pro se* status and, out of an abundance of caution, however, the Court liberally construes Plaintiff's Objections to be a Motion for Reconsideration under Local Civil Rule 7.1(i).

Under Local Civil Rule 7.1(i), a party seeking reconsideration must submit "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). "In other words, the movant may address only matters that were presented to the Court, but were not considered by the Court in making the decision at issue. *Lenin v. Johnson*, No. 15-7310, 2019 WL 6050737, at *1 (D.N.J. Nov. 15, 2019) (citing *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999)). "A court may grant a motion for

---

[3] Rule 46 provides, in relevant part, that during trial, "[a] formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection." Fed. R. Civ. P. 46.

[4] Rule 59(d) provides, "No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order." Fed. R. Civ. P. 59(d). Rule 59(e) provides "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

4

reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "[R]econsideration is an extraordinary remedy, that is granted very sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003). A motion for reconsideration is "not to be used as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Facteon, Inc. v. Comp Care Partners, LLC*, No. 13-6765, 2015 WL 519414, at *1 (D.N.J. Feb. 9, 2015) (quoting *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)). "The reconsideration process 'should not provide the parties an opportunity for a second bite at the apple.'" *Johnson v. Bilotta*, No. 16-8879, 2019 WL 6014648, at *2 (D.N.J. Nov. 13, 2019) (quoting *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998)); *see also Sherwin-Williams Co. v. TMZ Enters.*, No. 15-8409, 2018 WL 2427127, at *2 (D.N.J. May 30, 2018) ("Reconsideration motions may not be used to . . . raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order.").

Here, Plaintiff has failed to point to any manifest errors of law or fact and has failed to present newly discovered evidence to support his claims. (*See generally* Pl.'s Objections.) Indeed, Plaintiff has simply reiterated the same arguments that have previously been presented to and rejected by both this Court and the Third Circuit. Plaintiff's Objections are devoid of any basis for

reconsideration or relief. Accordingly, to the extent Plaintiff's Objections can be liberally construed as a Motion for Reconsideration, it is denied.

Plaintiff also seeks an extension of time to file a Notice of Appeal of the Court's June 19, 2019 Order. (Pl.'s Letter Mot. 1.) Plaintiff filed his initial Notice of Appeal on or around July 24, 2019, more than thirty days after the entry of the June 19, 2019 Order. (ECF No. 64; *see also* Third Circuit Correspondence 1.)

Federal Rule of Appellate Procedure 4(a)(5)(A) states, in relevant part:

> (A) The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). Plaintiff's Letter Motion, in which he sought, *inter alia*, an extension of the deadline to file a notice of appeal was filed on August 16, 2019, and was, therefore, filed within the 60-day period set by Federal Rule of Appellate Procedure 4(a)(5)(A)(i).[5] Because Plaintiff filed within this extended window, the Court considers whether Plaintiff has shown excusable neglect or good cause for his delay.

A court weighs four facts to determine whether a party has demonstrated excusable neglect: "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Santiago v. N.Y. & N.J.*, No. 11-4254, 2016 WL 3769353, at *1 (D.N.J. July 14, 2016) (citing *Pioneer Inv. Servs. Co. v.*

---

[5] August 16, 2019 is 58 days after the entry of the June 19, 2019 Order.

6

*Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "The determination of what constitutes excusable neglect is at bottom an equitable one." *Id.*

Here, the Court finds that Plaintiff has failed to demonstrate excusable neglect. Although Plaintiff is *pro se*, he is acquainted with appellate procedure and deadlines, having already filed a timely appeal of the Court's September 5, 2017 Order. (*See* Notice of Appeal, ECF No. 56.) Moreover, Plaintiff specifically avers in Plaintiff's Objections—filed seven days after the Court's June 19, 2019 Order—that he "will soon be filing a formal Notice of Appeal within the time provided by the [s]tatutes." (Pl.'s Objections 21.) The Court finds Plaintiff's failure does not weigh in favor of a finding of excusable neglect. *See, e.g., Serfess v. Equifax Credit Info. Serv., LLC*, 692 F. App'x 102, 104 (3d Cir. 2017) ("[*Pro se* Appellant's] failure to correctly calculate the appropriate timeframe for filing an appeal is insufficient to show excusable neglect.").

The Court also finds the nonmoving parties would be prejudiced by an extension of time. Plaintiff is simply seeking leave to relitigate issues that have already been heard and rejected by the Third Circuit. Granting Plaintiff an extension of time to file an appeal would serve no purpose other than to prolong litigation that has already been adjudicated on the merits. The Court, having considered the relevant factors, find that they weigh against granting Plaintiff an extension. The Court, accordingly, denies Plaintiff's request for an extension of time to file a Notice of Appeal.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Letter Motion (ECF No. 66) is denied. The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: March 31, 2020