UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY KAMDEM-OUAFFO,<br><br>Plaintiff,<br><br>v.<br><br>PLAZA SQUARE APARTMENTS, et al.,<br><br>Defendants. | Civil Action No. 17-1068 (MAS) (LHG)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon pro se Plaintiff Ricky Kamdem-Ouaffo's ("Plaintiff") Motion under Federal Rules of Civil Procedure 41 and 60(b)[1] seeking to modify or vacate the Court's June 20, 2019 and March 31, 2020 Orders and reinstate the Complaint against three Defendants that Plaintiff voluntarily dismissed. (ECF No. 71.)[2] Defendant Plaza Square Apartments ("Plaza") opposed (ECF No. 72),[3] and Plaintiff replied (ECF No. 73). Having carefully considered the arguments in the parties' briefs, the Court decides this matter without oral argument. L. Civ. R. 78.1.

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[2] The full caption of Plaintiff's Motion reads, "Plaintiff's Motion Pursuant to the Fed. R. Civ. P. Rule 60(b) for an Order Supplementing and Clarifying the District Court's [ECF # 62, 68 and 69] Opinions/Orders in Light of the US Court of Appeals' [sic] 01/15/2021 Opinion, and in Support of the Plaintiff's Motion Pursuant to the Fed. R. Civ. P. Rule 41(a)(1)(B) to Reinstate Claims Previously Dismissed by the Plaintiff Under Rule 41(a)(1)(A)." (Pl.'s Moving Br. 1, ECF No. 71-1 (capitalization corrected).)

[3] The opposition was filed by Highlands Operating Company, LLC, the owner of Plaza Square Apartments. (*See* ECF No. 72.)

The Court assumes the parties' familiarity with the facts. More than four years ago, Plaintiff sued Defendants Plaza, Frances Ammons, Maria Gemilliana Dessi, Tanya Mariotti, and Alyssa Goldman, alleging housing discrimination under the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, and pendant state law claims. (ECF No. 1.) Three months later, default was entered against Defendant Ammons (ECF No. 35), and Plaintiff voluntarily dismissed all claims against Defendants Dessi, Mariotti, and Goldman (collectively, the "Dismissed Defendants") (ECF No. 39). That left Plaza as the only Defendant in this action.

Years of motion practice and two appeals to the Third Circuit ensued. On Plaza's motion to dismiss, the Court dismissed Plaintiff's Complaint without prejudice and invited Plaintiff to file an amended complaint by October 6, 2017. (ECF No. 53.) Plaintiff neglected to amend and instead appealed the Court's dismissal order to the Third Circuit. (ECF No. 56.) The Third Circuit affirmed this Court's dismissal. *See Kamdem-Ouaffo v. Plaza Square Apartments*, 740 F. App'x 766, 768 (3d Cir. 2018). Following his unsuccessful appeal and more than a year after the deadline set by the Court, Plaintiff asked the Court for a thirty-day extension to file an amended complaint. (ECF No. 60.) In its June 20, 2019 Order, the Court denied that request and dismissed Plaintiff's Complaint with prejudice. (ECF No. 62.) Plaintiff then filed a motion for reconsideration with this Court and again appealed to the Third Circuit. (ECF Nos. 63, 64.) Before the Third Circuit issued its opinion, the Court denied Plaintiff's motion for reconsideration in its March 31, 2020 Order and Opinion. (ECF Nos. 68, 69.) Following that denial, the Third Circuit affirmed this Court's June 20, 2019 Order. *See Kamdem-Ouaffo v. Plaza Square Apartments (Plaza II)*, 840 F. App'x 715, 717 (3d Cir. 2021).

Plaintiff's instant Motion followed the Third Circuit's opinion in *Plaza II*. In it, Plaintiff argues that two footnoted statements in *Plaza II* support modifying or vacating this Court's June

20, 2019 and March 31, 2020 Orders. (Pl.'s Moving Br. 2-3.) Specifically, Plaintiff asks the Court to modify or vacate its March 31, 2020 Order because the Third Circuit stated that Plaintiff's notice of appeal was timely. (*Id.* at 2.) Plaintiff further asks the Court to supplement or clarify its June 20, 2019 and March 31, 2020 Orders because the Third Circuit stated that Plaintiff's claims against the Dismissed Defendants were dismissed without prejudice. (*Id.* at 2-3.) Neither statement merits modifying this Court's Orders.

To start, Plaintiff's requests are moot. "A case becomes moot . . . only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *In re ICL Holding Co.*, 802 F.3d 547, 553 (3d Cir. 2015) (internal quotation marks and alterations omitted). Here, the Court cannot fashion any relief for Plaintiff's requests. The Third Circuit has already decided that Plaintiff's appeal was timely—ending this Court's say in the matter. And the Third Circuit reaffirmed the procedural posture of this case: this Court's Orders did not reach the claims of the Dismissed Defendants. *See Plaza II*, 840 F. App'x at 717 n.3 ("[W]e do not read the District Court's dismissed-with-prejudice language as applying to those [voluntarily dismissed] claims."); Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice."). Indeed, nothing prevents Plaintiff from filing a new complaint against the Dismissed Defendants.[4]

Furthermore, Plaintiff's requests fall short of the explanation necessary to afford relief under Rule 60(b). That rule provides that a district court may "relieve a party . . . from a final judgment, order, or proceeding" and further provides six possible reasons why a district court may do so. Fed. R. Civ. P. 60(b)(1)-(6). Plaintiff's Motion cites no reason or case law to modify or

---

[4] Plaintiff cannot, however, refile his claims against Plaza because those claims were adjudicated on the merits and dismissed with prejudice. (*See* ECF Nos. 53, 62.)

vacate this Court's Orders. Liberally construed, Plaintiff's Motion may request relief under Rule 60(b)(6), a catchall provision that provides that a district court may relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But relief under Rule 60(b)(6) is an "extraordinary" remedy and "may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188, 194 (3d Cir. 1988)). Plaintiff's Motion fails to explain the "exceptional circumstances" demanded by Rule 60(b)(6). *Id.*; *accord Riffin v. Forest City Ratner Co.*, No. 16-4433, 2020 WL 8182839, at *1 (D.N.J. Jan. 6, 2020) (denying Rule 60(b) motion where it provided "no cognizable reasons" and "no case law" to support Rule 60(b)'s application).

Plaintiff's Motion also requests that the Court allow him "to reinstate his claims which he had previously dismissed" against the Dismissed Defendants. (Pl.'s Moving Br. 3.) The Court lacks subject matter jurisdiction to do so. *See In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 166 (3d Cir. 2008) (noting that "the court has no role to play" once Plaintiff files a notice of voluntary dismissal and that a "proper notice deprives the district court of jurisdiction to decide the merits of the case"); *Franco v. Conn. Gen. Life Ins. Co.*, No. 07-6039, 2010 WL 2680193, at *2 (D.N.J. June 30, 2010) ("At the moment it is filed, the notice of dismissal extinguishes the action and, moreover, deprives the court of jurisdiction over any further proceedings in regard to the action.").[5]

---

[5] When deciding collateral matters related to voluntary dismissals (such as this Motion), the Court retains jurisdiction. *See Bath & Kitchen Fixtures*, 535 F.3d at 166 n.8 ("A district court retains jurisdiction to decide 'collateral' issues . . . after a plaintiff dismisses an action by notice." (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396-98 (1990))).

Accordingly, for the reasons set forth above, and for other good cause shown,

**IT IS**, on this 4th day of August 2021, **ORDERED** that:

1. Plaintiff's Motion (ECF No. 71) is **DENIED**.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**